UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION



FILED
JAN 17 2014

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 13-10061 |
| Plaintiff, | |
| -vs- | OPINION AND ORDER DENYING MOTION FOR FURLOUGH |
| JOHN HENRY SARGEANT, | |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendant was in the custody of the Sisseton-Wahpeton Sioux Tribal Police Department when the indictment issued in this case. He was taken into federal custody pursuant to a writ of habeas corpus ad prosequendum on September 12, 2013. Defendant pleaded guilty to involuntary manslaughter on November 18, 2013. His pretrial detention was continued pending the April 28, 2014, sentencing hearing. Defendant filed a motion for a furlough to attend treatment. The government does not object to the motion.

Counsel for the defendant has provided the Court with a copy of the judgment issued in Tribal court showing that the defendant pleaded guilty to manslaughter and driving under the influence. The Tribal court judge sentenced him to serve 365 days custody (with credit for 109 days) for the manslaughter charge and 30 days on the DUI charge, to be served consecutive to the sentence for the manslaughter charge. The Tribal judgment specifically states, as to the manslaughter sentence:

> 365 Days to Serve, 109 credit, Balance to be served concurrent with
> federal sentence and execution of balance of the sentence is
> DEFERRED until he is committed to federal custody IF AND ONLY
> IF THE FEDERAL COURT IS WILLING TO RELEASE JOHN
> pending federal sentencing.

Sisseton-Wahpeton Oyate v. Sargeant, CR 13-1225-855 (Sisseton-Wahpeton Oyate Court December 11, 2013) (emphasis in original).

Because writs of habeas corpus ad prosequendum are issued only for the limited purposes of resolving the pending federal charges, they do not affect the sending sovereign's primary jurisdiction, which is, in effect, lending the prisoner to the receiving sovereign. United States v. Cole, 416 F.3d 894, 896-97 (8th Cir. 2005). Primary jurisdiction is determined by which sovereign first arrests the defendant and continues until relinquished by either (1) release on bail, (2) dismissal of charges, (3) parole, or (4) expiration of sentence. United States v. Cole, 416 F.3d at 897. The sovereign with primary jurisdiction, in this case the Tribe, can elect to relinquish jurisdiction to the United States under the doctrine of comity but the discretion to do so is an executive, not a judicial, function. United States v. Dowdle, 217 F.3d 610, 611 (8th Cir. 2000). The Tribal court judge's sentencing order does not relinquish the Tribe's jurisdiction. If released from federal custody, defendant would be returned to Tribal custody.

In addition, a furlough is not appropriate in this matter because defendant has a very significant history of failure to appear and failure to comply with court orders.

Now, therefore,

IT IS ORDERED that defendant's motion, Doc. 18, for furlough is denied.

Dated this 17th day of January, 2014.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: Barbara [signature]
DEPUTY
(SEAL)